UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAKSHIA NEELY,

        Plaintiff,                                  Civil Action No. 18-11367

vs.                                                        HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION & ORDER
(1) OVERRULING PLAINTIFF'S OBJECTION (Dkt. 14), (2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 13), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 11), (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 12), AND AFFIRMING THE COMMISSIONER'S FINAL DECISION**

Plaintiff Takshia Neely appeals on behalf of her minor child, A.N., from the final determination of the Commissioner of Social Security that A.N. is not entitled to Supplemental Security Income childhood disability benefits. The matter was referred to Magistrate Judge Stephanie Dawkins Davis for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 11, 12), and Magistrate Judge Davis issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment and deny Neely's motion for summary judgment (Dkt. 13). Neely filed an objection to the R&R (Dkt. 14); the Commissioner subsequently filed a response (Dkt. 15).

For the reasons that follow, the Court overrules Neely's objection and accepts the recommendation contained in the magistrate judge's R&R. The Commissioner's motion is granted, and Neely's motion is denied. The final decision of the Commissioner is affirmed.

**I.      LEGAL STANDARD**

1

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Neely makes a single objection to the R&R. She argues that the magistrate judge erred by finding that substantial evidence supported the ALJ's decision. See Obj. at 4. She maintains that there is overwhelming evidence that A.N. has an "extreme" limitation in acquiring and using information, which establishes that she is disabled. The Commissioner argues that the magistrate judge found correctly that the ALJ's determination was supported by substantial evidence and fell within the zone of choice within which the Commissioner may proceed without interference from the courts. Resp. at 1-2. The Commissioner has the better part of the argument.

A minor is considered disabled if she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. §

1382c(a)(3)(C)(i). An ALJ must conduct a three-step sequential evaluation to determine whether a minor is disabled within the meaning of the Social Security Act. 20 C.F.R. § 416.924. In the first two steps, the ALJ determined that A.N. was not engaged in substantial gainful activity (Step 1), 20 C.F.R. § 416.924(b), and that she has medically determinable impairments that are severe (Step 2), 20 C.F.R. § 416.924(c). A.N. is blind in her left eye, has hearing loss in her left ear, has a learning disability, and has a dysthymic disorder, which the ALJ found were severe impairments. There is no dispute that the ALJ's decision with respect to the first two steps was correct.

At the third step, an ALJ must determine whether the impairments meet, medically equal, or functionally equal one of the impairments found in the Social Security listings. Elam ex rel. Golay v. Comm'r of Soc. Sec., 348 F.3d 124, 125 (6th Cir. 2003) (citing 20 C.F.R. § 416.924). Neely maintains that A.N.'s impairments fall under the "functionally-equals" category. If the minor has an impairment or combination of impairments that functionally equal the severity of one of the listings, and it has lasted at least 12 months, the minor is presumed to be disabled. If not, the minor is not disabled. 20 C.F.R. § 416.924(d).

In determining whether a minor's impairment (or combination of impairments) functionally equals the severity of a listing, the ALJ considers six "domains" of functioning: (1) acquiring and using information; (2) attending to and completing tasks; (3) interacting with and relating to other people; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). If a minor's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairment functionally equals a listing and the child is found disabled. 20 C.F.R. § 416.926a(d). The dispute in this appeal centers on the domain of "acquiring and using information" and whether A.N. has an extreme limitation in that area.

The ALJ found that A.N. had a marked, but not an extreme, limitation in the area of acquiring and using information. A marked limitation is one that "interferes <u>seriously</u> with [a minor's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2) (emphasis added). An extreme limitation is one that "interferes <u>very seriously</u> with [a minor's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3) (emphasis added).

Neely argues that the magistrate erred in affirming the ALJ's determination in light of the "overwhelming medical records and testimony to the contrary." Obj. at 4. She says that the ALJ did not consider all of the evidence and instead "cherry-picked" selected portions of the record rather than doing a proper analysis." Id. at 5 (citing Germany-Johnson v. Comm'r of Soc. Sec., 313 F. App'x 771 (6th Cir. 2008)).[1] Not so. Neely does not identify any evidence that the ALJ failed to take into consideration. She simply disputes whether the ALJ's decision was supported by substantial evidence. The Court finds that it was.

The ALJ took note of A.N.'s test scores (that were in the normative low average range) and of her difficulty in basic reading, reading comprehension, and math. AR 21 (Dkt. 7-2). However, the ALJ gave greater weight to A.N.'s testimony as to her own abilities. The ALJ noted the following testimony:

> Claimant testified that she likes to read, sometimes. Claimant tells time, counts money, explains why she does things and give[s] phone messages. Claimant adds, subtracts and works with fractions and decimal points. Claimant can read traffic signs and express her own opinions. Claimant can comprehend oral instructions given close up to her right ear. Claimant participates in class.

---

[1] Germany-Johnson does not support her position. In that case, the Sixth Circuit remanded the matter, in part, because the ALJ relied on selective findings of two non-treating doctors to refute the severity of the claimant's diagnoses, and completely ignored her treating physician. 313 F. App'x at 777. The ALJ made a clear error under the "treating physician rule" by not considering and giving deference to the claimant's treating physician. Id. That is not the issue here.

AR 21. The ALJ also reviewed two teacher questionnaires. The first, by Melanie Maxwell-Staniberg, noted that A.N. had "very serious" impairments in three activities, but Maxwell-Staniberg had never worked with A.N. AR 171. The second, by Jennifer Pagel, who had worked with A.N. for a year, noted "serious" impairments in two activities. AR 188. Pagel also noted that "due to [A.N.]'s hearing impairment, comprehending oral instructions is difficult, however once directions are given, [A.N.] has normal processing speed." AR 188. Based on that evidence, the ALJ determined that A.N. had a marked, but not extreme, limitation in the domain of acquiring and learning information, which, on its own, is not enough to functionally equal in severity a Social Security listing.

Neely devotes the majority of her objection restating her argument that A.N. should be deemed to have a disability because of her low grades and test scores. Obj. at 3-4. There is no dispute that there is substantial evidence in the record to support that conclusion. See R&R at 18. However, as the magistrate judge explained, administrative findings "are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted). "If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm." Id. (citing Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)).

Here, the magistrate judge found correctly that there is substantial evidence in the record to support the ALJ's decision. Therefore, Neely's objection is overruled.

### III. CONCLUSION

For the above-stated reasons, the Court overrules Neely's objection (Dkt. 14) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 13). Neely's motion for summary judgment (Dkt. 11) is denied. The Commissioner's motion for summary judgment (Dkt. 12) is granted and the final decision of the Commissioner is affirmed.

SO ORDERED.

Dated: September 18, 2019　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge